```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ANDRE DIGGS,

                            Plaintiff,                    MEMORANDUM & ORDER

            - against -                                   16-CV-585 (PKC) (LB)


CORRECTION OFFICER CONYERS,
CORRECTION OFFICER HOLLIDAY-
NICHOLS, CORRECTION OFFICER HALL,
CORRECTION OFFICER HOWARD-
KEARNS

                            Defendants.
--------------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

Plaintiff Andre Diggs, appearing *pro se* and proceeding *in forma pauperis*, brings this action, pursuant to 42 U.S.C. § 1983 and New York law, against Defendants Correction Officers Latiesha Conyers ("Conyers"),[1] Tracy Hall ("Hall"), Rhonda Holliday-Nichols ("Holliday-Nichols"), and Rose Howard-Kearns ("Howard-Kearns"), alleging that in October 2015, while housed in the Brooklyn Detention Complex and the Otis Bantum Correctional Center, he was denied access to the law library on at least four occasions. For the reasons stated herein, Defendants' motion to dismiss is granted.

---

[1] Defendants previously misidentified this Defendant as Correction Officer Melinda Connor. By separate application, filed on December 20, 2016 (Dkt. 34), Defendants have asked the Court to change the caption to reflect the correct Defendant – Correction Officer Latiesha Conyers.

1

## BACKGROUND

I. **Relevant Facts**

Plaintiff alleges that on September 30, 2015, while housed in the Brooklyn Detention Complex, he made a request to access the law library the next day, October 1, 2015. (Complaint, Dkt. 1 at ¶ 13.) Plaintiff alleges that he "was never afforded the opportunity to go" to the law library on October 1. (*Id.*) He re-signed the request sheet on October 1 so that he could go to the library on October 2, but again was unable to go. (*Id.* at ¶ 14.) On October 2, 2015, he made the same request, but was denied access on October 3, 2015. Plaintiff asked Correction Officer Holliday-Nichols about visiting the law library; she allegedly responded that she was "going to make sure" that Plaintiff and others would not be able to go to the law library. (*Id.* at ¶ 15.) Plaintiff alleges that he responded by filing two grievances with the Inmate Grievance Resolution Center on October 7, 2015 regarding the denials of library access on October 1 and October 2, 2015. (*Id.* at ¶ 9.) Plaintiff says he was also unable to access the law library on October 13, 2015. Plaintiff filed a third grievance on October 14, 2015 related to that denial of access. (*Id.*)

Plaintiff states that he was transferred to Rikers Island on October 16, 2015 and then to the Otis Bantum Correctional Center on October 20, 2015. (*Id.* at ¶ 10.) Plaintiff alleges that shortly after his transfer to the Otis Bantum facility, he was denied access to the law library there, despite taking appropriate measures to gain entrance. (*Id.* at ¶ 16.) Plaintiff also alleges that Correction Officer Hall did not inform him that he could visit the law library on October 21, 2015, and he was subsequently denied access later that evening by Correction Officer Howard-Kearns. (*Id.*) Plaintiff filed a fourth grievance on October 22, 2015 related to this denial of access. (*Id.* at ¶ 10.)

A grievance coordinator allegedly responded to Plaintiff's first two grievances (both from October 7, 2015) together. (*Id.* at ¶ 9.) The coordinator determined that Plaintiff was able to

access the law library on October 3, 6, and 8, 2015. (*Id.*) Plaintiff states that he was not satisfied with the grievance coordinator's determination, so he requested a formal hearing. (*Id.*) Plaintiff alleges that he was not given a hearing in response to his first two grievances. Plaintiff further states that he did not receive any responses to his third and fourth grievances (from October 14 and 21, 2015, respectively). (*Id.* at ¶¶ 9, 10.)

For relief, Plaintiff asks to have the alleged denial of access documented, to have the Brooklyn Detention Complex's practices "looked into and changed," and to have Correction Officers Holliday-Nichols, Hall, and others reprimanded. (*Id.* at ¶¶ 17-19.) Plaintiff also seeks "an order declaring that the defendants have acted in violation of the United States Constitution," "an injunction compelling defendants to stop depriving [Plaintiff] access to the law library," and one million dollars in compensatory damages. (*Id.*)

## II. Procedural History

Plaintiff filed his complaint in this action on February 2, 2016. (Dkt. 1.) A pre-motion conference was held regarding Defendants' proposed motion to dismiss on September 27, 2016. Plaintiff failed to appear. The Court directed Plaintiff to submit a letter to the Court by October 12, 2016 indicating whether he intended to pursue this action and he submitted such a letter on October 17, 2016. (Dkt. 32.) Defendants filed their motion to dismiss on April 5, 2017. (Dkts. 37-39.) Plaintiff did not serve a reply and the Court deems the motion unopposed. Defendants move to dismiss Plaintiff's claim on the following grounds: (1) Plaintiff has failed to exhaust his available administrative remedies; (2) Plaintiff has failed to allege facts sufficient to state a constitutional violation of the right to access the courts; (3) Plaintiff has failed to allege the personal involvement of Defendant Conyers in any alleged constitutional violation; and (4) Plaintiff's claims for declaratory and injunctive relief are moot. (Dkt. 38 at 1.)

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

"In addressing the sufficiency of a complaint, [the Court] accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [the Court is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). At the same time, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

## I. Plaintiff's Claims Are Moot Because He Is No Longer Incarcerated

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *New York City Employees' Retirement Syst. v. Dole Food Co., Inc.*, 969 F.2d 1430, 1433 (2d Cir. 1992) (quoting *Blackwelder v. Safnauer*, 866 F.2d 548, 551 (2d Cir. 1989) (internal quotations omitted)). When this occurs, the Constitution's case or controversy requirement, U.S. Const. Art. III, § 2, is not satisfied, and a federal court lacks subject matter jurisdiction over the action. *Id.* (citing *Blackwelder*, 866 F.2d at 550); *see Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."). While Defendants bear a heavy burden when they seek to have a case dismissed as moot, whether to grant that request lies within the sound discretion of the district court. *Harrison & Burrowes Bridge Constr., Inc. v. Cuomo*, 981 F.2d 50, 59 (2d Cir. 1992).

Plaintiff seeks both declaratory and injunctive relief with respect to Defendants' alleged denials of law library access. However, Plaintiff is no longer in the custody of the New York City Department of Correction; he was released in May 2016. (Dkt. 23.) Because Plaintiff transferred facilities, and then out of the Department of Correction altogether, his claims for declaratory and injunctive relief are moot. *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility."); *Verley v. Wright*, No. 02 Civ. 1182 (PKC), 2007 WL 2822199, at *9 (S.D.N.Y. Sept. 27, 2007) ("To the extent that plaintiff seeks injunctive and declaratory relief directed at officials at [the transferring facility], those claims are now moot as plaintiff is no longer incarcerated [there]."). Furthermore, now that Plaintiff is no longer in custody, he cannot seek an injunctive remedy affording him access to a prison law library. *See United States v. Concentrated*

*Phosphate Export Assn.*, 393 U.S. 199, 203 (1968) ("A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.").

## II. Plaintiff's Failure to Exhaust Administrative Remedies

Before a prisoner can bring an action in court regarding prison conditions, the prisoner must exhaust all available administrative remedies. 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This exhaustion requirement is "mandatory" and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002) (citation omitted). Moreover, "an inmate is required to grieve his complaint about prison conditions up through the highest level of administrative review" before filing suit. *Porter v. Goord*, No. 01 Civ. 8996(NRB), 2002 WL 1402000, at *1 (S.D.N.Y. June 28, 2002) (citing *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001) ("[G]rievances must now be fully pursued prior to filing a complaint in federal court.")).

Courts have held that prisoners must complete a three-step inmate grievance procedure, including two levels of appeals, to exhaust their administrative remedies. *See, e.g., Baskerville v. Blot*, 224 F.Supp.2d 723, 729 (S.D.N.Y. 2002). The grievance system is available for any number of complaints, as "New York permits inmates to file internal grievances as to virtually any issue affecting their confinement." *Flanagan v. Maly*, No. 99 Civ. 12336(GEL), 2002 WL 122921, at *1 (S.D.N.Y. Jan. 29, 2002) (citations omitted). Where "nonexhaustion is apparent from the face

6

of the complaint," a motion to dismiss should be granted. *Butler v. Suffolk Cnty.*, 289 F.R.D. 80, 92 (E.D.N.Y. 2013).

Plaintiff has not completed the prison grievance procedure to exhaust his administrative remedies. Plaintiff alleges that he filed four total grievances about being denied access to the law library. (Compl. at ¶¶ 9-11.) Regarding his first two grievances, he alleges that he was not satisfied with their resolution. He then requested a formal hearing, which did not occur. (*Id.* at ¶ 9.) Plaintiff concedes that he did not appeal his first two grievances to the next step. (*Id.* at ¶ 11.) Yet, in order to obtain relief, Plaintiff was required to appeal the decision on his first two grievances in order to exhaust his administrative remedies. *Baskerville*, 224 F.Supp.2d at 729. As a result, Plaintiff did not complete either of the two levels of appeals required for administrative exhaustion. *Id.*

Plaintiff further alleges that his third and fourth grievances were not answered. Plaintiff's explanation that he could not "appeal something that was never answered" is unavailing. (Dkt. 1 at ¶ 11); s*ee Bolton v. City of N.Y.*, No. 13-CV-5749, 2014 WL 4446452, at *5 (S.D.N.Y. Sept. 9, 2014) (the grievance procedure "explicitly permits inmates to file appeals if they do not receive a timely disposition at any stage of the [grievance] process"). Although allegedly receiving no response to his third and fourth grievances, Plaintiff did not request a hearing or appeal. Therefore, he failed to exhaust his administrative remedies.

Similarly, Plaintiff's claim for compensatory damages in the amount of one million dollars is subject to the exhaustion requirement. *Edney v. Karrigan*, 69 F.Supp.2d 540, 544 (S.D.N.Y. 1999) ("[A]n incarcerated plaintiff must exhaust administrative remedies even where he seeks

7

money damages not recoverable under the established grievance procedure.").[2] Since non-exhaustion is "apparent from the face of the complaint," Plaintiff's claims for injunctive relief and compensatory damages must be dismissed. *Butler*, 289 F.R.D. at 92.

## III. Defendants' Remaining Arguments

Defendants make two additional arguments in support of their motion to dismiss. First, Defendants argue that Plaintiff fails to allege facts sufficient to state a constitutional violation of the right to access the courts. (Dkt. 38 at 1). Specifically, Defendants contend that "Plaintiff's Complaint contains no allegations of any kind that the four or five times Plaintiff was allegedly unable to access the law library had any negative impact on a legal claim." (*Id.* at 11). Second, Defendants argue that Plaintiff failed to allege the personal involvement of Defendant Conyers in any alleged constitutional violation. (*Id.* at 12). Because the Court has already concluded that adequate reason exists to grant Defendants' motion on mootness and exhaustion grounds, the Court does not reach the merits of Defendants' two remaining arguments.

## **CONCLUSION**

For the reasons stated herein, Defendants' motion to dismiss is granted, pursuant to Rule 12(b)(6). All claims against Defendants are dismissed. The Court certifies pursuant to 28 U.S.C. 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

[2] In addition, Plaintiff has not alleged facts supporting his claim for damages and has not responded to Defendants' motion to dismiss.

8

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 21, 2017
       Brooklyn, New York